## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

---

Spencer A. Olson Trucking, LLC,

          Plaintiff,

v.

DEH Disaster Recovery, LLC; and
Allied Property & Casualty Insurance Company,

          Defendants.

C/A No. 9:20-cv-1397-RMG

**COMPLAINT**

---

Plaintiff Spencer A. Olson Trucking, LLC, by its undersigned attorneys and for its Complaint for Declaratory Judgment and Other Relief against Defendants DEH Disaster Recovery, LLC, and Allied Property & Casualty Insurance Company, states and alleges as follows:

### NATURE OF THE ACTION

1. In this action, Plaintiff Spencer A. Olson Trucking, LLC, seeks a declaration from this Court pursuant to 22 U.S.C. § 2201 *et seq.*, of the rights and obligations of the parties pursuant to the written subcontract between plaintiff and defendant DEH and the commercial general liability policies issued to DEH as set forth in more detail below.

### THE PARTIES

2. Spencer A. Olson Trucking, LLC, ("Spencer Olson") is a Wisconsin limited liability corporation which, at all times relevant hereto, was licensed and authorized to conduct business in Beaufort County, South Carolina.

3.     On information and belief, DEH Disaster Recovery, LLC, ("DEH") is a limited liability corporation organized under the laws of the State of Georgia which, at all times relevant hereto, was authorized to and did conduct business in Beaufort County, South Carolina.

4.     On information and belief, Allied Property & Casualty Insurance Company ("Allied") is, on information and belief, an insurance corporation organized and existing under the laws of the State of Iowa which, at all times relevant hereto, was authorized to and did conduct business in Beaufort County, South Carolina.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this dispute by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) in that the plaintiffs and defendants are citizens of different states and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6.     Venue is proper in the District of South Carolina, Beaufort Division pursuant to 28 U.S.C. § 1391(b)(1)-(2), in that it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and the underlying action giving rise to the claim at issue is pending in this district, namely *Shaffer v. Ryan Stoltz et al.,* 2017-CP-07-1739 pending in the Court of Common Pleas for Beaufort County, South Carolina (copy of Amended Summons and Complaint is attached as **Exhibit A**).

7.     There is an actual controversy between the parties such that a declaration of the parties' responsive rights is proper under 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

8. On or about August 24, 2017, Spencer Olson was named as a defendant in the above-referenced lawsuit entitled, *Mark Shaffer, as personal representative of the Estate of Susan Shaffer, Deceased v. DEH Disaster Relief, LLC, et al.,* (Case No. 2017CP0701739) venued in the Court of Common Pleas for the State of South Carolina ("the Underlying Action").

9. In the Underlying Action, Shaffer has alleged that Spencer Olson has liability for a commercial automobile accident occurring on May 3, 2017 in Beaufort County, which caused the death of Susan Shaffer.

10. More specifically, in paragraph 31 of the Second Amended Complaint filed in the Underlying Action, Shaffer has alleged the following:

> On or about May 3, 2017, on or about 3:58 p.m., Susan Shaffer was driving her 2012 Honda automobile in a northerly direction along U.S. Highway 21, also known as Sea Island Parkway, in Beaufort County, South Carolina, when suddenly and without warning the Trailer separated from the Truck which was being driven by the Defendant Stoltz in a southerly direction on U.S. Highway 21, said Trailer then crossing the center line into oncoming traffic and colliding with the vehicle being driven by Susan Shaffer.

11. Further, in paragraph 33 of the Second Amended Complaint in the Underlying Action, Shaffer has alleged that:

> At the time of the collision, the Truck was being operated by the Defendant Stoltz, who was acting in the course and scope of his employment with the Defendant DEH, pursuant to the Contract of the Defendant DEH with the Defendant Olson, which in turn was part of the Contract between the Defendant Olson and the Defendant Ceres, which in turn was part of the Contract between the Defendant Ceres and the Defendant Beaufort County.

12. Beaufort County engaged Ceres Environmental Services, Inc., (hereinafter "Ceres") to perform debris removal services following Hurricane Matthew which struck the Beaufort area in or about October of 2016.

13. Ceres entered into a subcontract agreement with Spencer Olson to provide hauling and transportation services in connection with the Beaufort debris removal project.

14.     Spencer Olson entered into a subcontract with DEH Disaster Recovery, LLC to perform hauling and transportation services in connection with the Beaufort debris removal project, and DEH engaged additional entities to carry out duties within its scope of work on the project.  A copy of subcontract entered into by DEH in connection with the Project is attached hereto as **Exhibit B**.

15.     Defendant DEH was and is obligated to indemnify, hold harmless and defend Spencer Olson as to all claims asserted in the Underlying Action pursuant to the DEH subcontract with provides, in pertinent part, as follows:

> The Subcontractor agrees to indemnify, hold harmless and defend, Spencer A. Olson Trucking LLC from any and all liabilities, suits, actions, legal proceedings, claims, demands, damages, costs and expenses (including but not limited to attorney's fees) arising out of any act or omissions of the Subcontractor, it's agents, or employees on the performance of this contract.

16.     In addition, DEH was obligated to procure and maintain policies of commercial general liability and commercial automobile liability insurance at all times during the Beaufort Project, naming Spencer Olson as an additional insured on a primary and non-contributory basis.

17.     The additional insured coverage to be provided by DEH to Spencer Olson was required to have limits of not less than $1 million for automobile liability and $1 million for general liability, and sufficient to provide coverage for all "work performed by or on behalf of the subcontractor or as to liability which arises out of subcontractor's activities or resulting from the performance of services or the delivery of goods called for by the Contract."  *See,* **Exhibit B.**

18.     On information and belief, DEH obtained business automobile insurance coverage through a policy issued by Defendant Allied Property & Casualty Insurance Company ("Allied"), policy number ACP BACP 3008216579 with effective dates from April 4, 2017

through April 4, 2018, (*See,* **Exhibit C**)**,** but otherwise failed to obtain all of the promised insurance coverages required by the DEH Subcontract.

19. The claims asserted against Spencer Olson in the Underlying Action remain unresolved and DEH is required to continue to defend and otherwise participate in that action.

20. The plaintiff in the Underlying Action has asserted claims against Spencer Olson including, but not limited, negligence resulting in the death of Susan Shaffer in the May 3, 2019 automobile accident.

21. Spencer Olson qualifies as an insured and/or additional insured under the Allied Policy and is entitled to a defense and indemnification under such Policy in the Underlying Action.

22. The allegations asserted against Spencer Olson in the Underlying Action are sufficient to invoke the aforementioned defense, indemnity and additional insured provisions of the DEH subcontract and Spencer Olson is entitled to be defended and indemnified pursuant to those provisions.

23. Spencer Olson has tendered its demand for defense and indemnification from defendants DEH and Allied, but defendants have failed and refused to honor those obligations.

24. Spencer Olson has incurred and continues to incur substantial costs, interest, expenses and attorney's fees in the defense of the Underlying Action.

## COUNT 1

### (Breach of Contract – DEH)

25. Plaintiff realleges and incorporates the preceding allegations as fully as if set forth herein verbatim.

26. DEH entered into the DEH Subcontract with Spencer which was supported by valuable consideration relating to the indemnification and additional-insured obligations identified above.

27. DEH breached its Subcontract with Spencer by failing to defend, indemnify, hold harmless, and provide for additional insured coverage to which Spencer was entitled and by failing to ensure that Spencer was provided what was due under the policies.

28. As a direct and proximate result of DEH's breach of contract, Spencer has been damaged in the amount of the attorney fees and expenses incurred in defending itself and Ceres in the Underlying Lawsuit, and in the attorney's fees and expenses associated with the above-captioned lawsuit to enforce the terms of the DEH Subcontract.

29. As a result of its breach of contract, DEH is liable to Spencer for such actual, incidental, consequential, and special damages in an amount to be determined by the trier of fact including, but not limited to, costs, interest, and attorney fees associated with the defense of the Underlying Action and the above-captioned lawsuit along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Lawsuit.

## COUNT 2

**(Breach of Insurance Contract – Allied)**

30. Plaintiff realleges and reincorporates the preceding allegations as fully as if set forth herein verbatim.

31. Defendant Allied issued a liability insurance policy as set forth herein above which was supported by valuable consideration relating to the insured and/or additional-insured obligations to Spencer as identified above.

32. Spencer was an intended third-party beneficiary of the liability policy issued by Defendant Allied as identified hereinabove.

33. Defendant Allied breached the terms of its insurance agreement by failing to provide the coverage to which Spencer was entitled and by failing to ensure that Spencer was provided what was due under the terms of that policy.

34. As a direct and proximate result of the breach of contract by Defendant Allied, Spencer has been damaged in the amount of the attorney's fees and expenses incurred in its defense in the Underlying Action, and in the attorney's fees and expenses associated with the above-captioned lawsuit to enforce the terms of the insurance contract identified above.

35. As a result of the breach of its insurance contract, Defendant Allied is liable to Spencer according to its status as an insured and/or additional insured for such actual, incidental, consequential, and special damages in an amount to be determined by the trier of fact including, but not limited to, costs, interest, and attorney's fees associated with the defense of the Underlying Action and the above-captioned lawsuit, along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Action.

## COUNT 3

**(Legal and/or Equitable Indemnity – DEH / Allied)**

36. Plaintiff realleges and incorporates the preceding allegations as fully as if set forth herein verbatim.

37. Defendant DEH provided goods, services and insurance coverage as identified above, and received compensation in connection with the above-referenced debris removal project following Hurricane Matthew in Beaufort County, South Carolina, and Allied provided insurance coverage to DEH in support of DEH's work on the project.

38. Defendants DEH and Allied received the opportunity to participate in the debris removal project and receive compensation therefore as a result of the actions of Spencer as the hiring contractor on the project.

39. Defendants DEH and Allied had a relationship with Spencer as a result of its participation in the debris removal project, which relationship derived from its subcontract agreement as identified above, and gave rise to a duty to provide defense and indemnification to Spencer in connection with the claims in the Underlying Action.

40. In addition, by virtue of their participation and compensation received in the debris removal project, Defendants DEH and Allied had a special relationship which gave rise to a duty to provide equitable indemnification to Spencer in connection with the claims asserted in the Underlying Action.

41. Defendants DEH and Allied breached their duty of legal and equitable indemnity obligations to Spencer in, among other things, failing to defend, indemnify, hold harmless, and provide for additional insured coverage to which Spencer was entitled and by failing to ensure that Spencer was provided what was due under that insurance policy.

42. As a direct and proximate result of the breach of the duties of legal and/or equitable indemnity owed by Defendants DEH and Allied, Spencer has been damaged in the amount of the attorney's fees and expenses incurred in the defendant of the Underlying Action, and Spencer has been further damages in the attorney's fees and expenses associated with the above-captioned lawsuit to enforce the Defendants' duties to provide legal and equitable indemnification and defense to Spencer in connection with the claims in the Underlying Action.

43. As a result of the breach of their duty to provide a defense and legal and/or equitable indemnity to Spencer, Defendants DEH and Allied are liable to Spencer for such

actual, incidental, consequential, and special damages in an amount to be determined by the trier of fact including, but not limited to, costs, interest and attorney's fees associated with the defense of the Underlying Action and the above-captioned lawsuit, along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Action.

## **COUNT 4**

### **(Declaratory Judgment – DEH / Allied)**

44. Plaintiff realleges and incorporates the preceding allegations as fully as if set forth herein verbatim.

45. Based upon the acts and omissions of the Defendants, and each of them, and their breach of their duties as identified herein above, an actual, justiciable controversy exists subject to the Declaratory Judgments Act, 28 US.C. § 2201 and Federal Rule of Civil Procedure 57.

46. Therefore, pursuant to 28 U.S.C. § 2201, Plaintiff prays this Court issue a Declaration that the claims in the underlying lawsuit are covered by the primary and excess policies issued by Allied; that Allied and DEH have a duty to defend and indemnify Spencer as to any such claims; and that Allied and DEH have obligations to pay for any costs, interest, attorney's fees, along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Action, and other damages suffered by Spencer attributable to any such claims or damages.

47. Plaintiff further prays that this Court issue an Order directing that the Defendants fully discharge their duties to Spencer as set forth in the statements and claims set forth herein above, and that the Defendants be adjudged in breach of their respective contracts and be ordered and directed to pay such actual, incidental, consequential, and special damages to Spencer in an

amount to be determined by the trier of fact including, but not limited to, costs, interest, and attorney's fees associated with the defense of the Underlying Action and the above-captioned lawsuit, along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Action.

WHEREFORE, Plaintiff prays that this Honorable Court issue such order and instructions for the Declaratory Judgment relief and other causes of action as requested herein above; for an order against the Defendants, and each of them, relating to their breach of their respective contracts as set forth herein above; for the actual, incidental, consequential, and special damages suffered by Spencer in an amount to be determined by the trier of fact including, but not limited to, costs, interest, and attorney's fees associated with the defense of the Underlying Action and the above-captioned lawsuit, along with any settlement or judgment which may be incurred by or required of Spencer in connection with the Underlying Action; and for such other and further relief as this Court deems just and proper.

GRIFFITH, FREEMAN & LIIPFERT, LLC

s/     E. Mitchell Griffith

E. Mitchell Griffith (SC Bar #2469)
600 Monson Street
Post Office Box 570
Beaufort, SC 29901
(843) 521-4242
(843) 521-4247
mgriffith@griffithfreeman.com

ATTORNEYS FOR DEFENDANT SPENCER A. OLSON TRUCKING, LLC

Dated: April 14, 2020
Beaufort, South Carolina